IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01317-BNB

OLOYEA D. WALLIN,

    Plaintiff,

v.

RODNEY ACHEN,
MASCARENAS,
BELL,
T. STENZEL,
R. BASTIDOS,
DAVE ALLEN,
JAMES ABBOT, Warden of CTCF,
MASSEY,
HENRY WILLIAMS,
TOOMEY,
BENEVIDEZ,
FAZZINO,
MARY ANN ALDRICH,
TOFOYA,
CARLAND, JANTZ,
LOPEZ-MARTINEZ,
LOPEZ,
JOHN AND JANE DOE OF CDOC, and
ARISTEDES ZAVARES, Executive Director of CDOC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 29 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Oloyea D. Wallin, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Wallin, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Memorandum in Brief in Support of Prisoner Complaint with Attachments. The Court must construe the Complaint and Memorandum liberally because Mr. Wallin is not represented by an

attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wallin will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Wallin and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Wallin fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Plaintiff has presented his claims in a narrative chronological format that is repetitive rather than asserting the claims in a short and concise format.

Therefore, Mr. Wallin will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Plaintiff is reminded that it is his responsibility to present his claims in a short and concise format.

Mr. Wallin also is advised that he must allege specific facts in his Amended Complaint that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wallin must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Wallin further is instructed that to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Wallin file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Wallin, together with a copy of this Order, two copies of the Prisoner Complaint form to use in filing his Amended Complaint. It is

FURTHER ORDERED that if Mr. Wallin fails to comply with this Order to the Court's satisfaction, within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Wallin's Motion in Support of the Filing of the Multiple Claims (Doc. No. 4) is denied as unnecessary at this time.

DATED at Denver, Colorado, this 29th day of June, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01317-BNB

Oloyea D. Wallin
Prisoner No. 111389
CMRC
2925 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/29/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk