F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01317-LTB

OLOYEA D. WALLIN,

      Plaintiff,

v.

RODNEY ACHEN,
MASCARENAS,
BELL,
T. STENZEL,
R. BASTIDOS,
DAVE ALLEN,
JAMES ABBOT, Warden of CTCF,
MASSEY,
HENRY WILLIAMS,
TOOMEY,
BENEVIDEZ,
FAZZINO,
MARY ANN ALDRICH,
TOFOYA,
CARLAND,
JANTZ,
LOPEZ-MARTINEZ,
LOPEZ,
JOHN AND JANE DOE OF CDOC, and
ARISTEDES ZAVARES, Executive Director of CDOC,

      Defendants.

---

## ORDER DENYING MOTION TO VACATE, AMEND ORDER AND JUDGMENT OF DISMISSAL

---

This matter before the Court is the "Motion to Vacate, Amend Order and Judgment of Dismissal" that Plaintiff, Oloyea D. Wallin, a *pro se* prisoner litigant, filed on January 24, 2011. Mr. Wallin seeks reconsideration of the Order entered on January 5, 2011, dismissing the instant action. The Court must construe the Motion liberally

because Mr. Wallin is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court dismissed the action in part pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and in part as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Wallin's state law claims also were dismissed without prejudice. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Motion was filed on January 24, 2011, within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice. *See **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing **Van Skiver**, 952 F.2d at 1243). In the Motion, Mr. Wallin identifies several cases that address the parameters for stating a claim in federal court. Mr. Wallin, however, does not argue why each of his claims should not have been denied consistent with these cases. Mr. Wallin asserts only that his claims "should not have been dismissed," they are "not legally frivolous," and the claims were "placed in concise form in the complaint."

Upon consideration of the Motion to Vacate, Amend Order and Judgment of Dismissal and the entire file, the Court concludes that Mr. Wallin fails to demonstrate some reason why the Court should alter or amend the January 5 Order of Dismissal in this action. Nothing Mr. Wallin asserts gives cause for reinstating this case. Accordingly, it is

ORDERED that Mr. Wallin's Motion to Vacate, Amend Order and Judgment of Dismissal (Doc. No. 27) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  31st  day of      January      , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01317-LTB

Oloyea D. Wallin
Prisoner No. 111389
Cheyenne Mtn Re-entry Ctr
2925 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 31, 2011

                                             GREGORY C. LANGHAM, CLERK

                                             By: _____
                                                      Deputy Clerk