IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 04 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01317-LTB

OLOYEA D. WALLIN,

    Plaintiff,

v.

RODNEY ACHEN,
MASCARENAS,
BELL,
T. STENZEL,
R. BASTIDOS,
DAVE ALLEN,
JAMES ABBOT, Warden of CTCF,
MASSEY,
HENRY WILLIAMS,
TOOMEY,
BENEVIDEZ,
FAZZINO,
MARY ANN ALDRICH,
TOFOYA,
CARLAND,
JANTZ,
LOPEZ-MARTINEZ,
LOPEZ,
JOHN AND JANE DOE OF CDOC, and
ARISTEDES ZAVARES, Executive Director of CDOC,

    Defendants.

---

ORDER DENYING AMENDED MOTION TO VACATE, AMEND ORDER
AND JUDGMENT OF DISMISSAL

---

The matter before the Court is the "Amended Motion to Vacate, Amend Order

and Judgment of Dismissal" filed by Plaintiff, Oloyea D. Wallin, a *pro se* prisoner

litigant, on February 2, 2011. Mr. Wallin seeks reconsideration of the Order entered on

January 5, 2011, dismissing the instant action. The Court must construe the Amended

Motion liberally because Mr. Wallin is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Amended Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

As stated in the Court's Order Denying the first Motion to Vacate entered on January 31, 2011, the action was dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and in part as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Wallin's state law claims also were dismissed without prejudice. A litigant subject to an adverse judgment who seeks reconsideration by the district court of that judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Amended Motion was filed on February 2, 2011, within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing **Van Skiver**, 952 F.2d at 1243). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

In the Amended Motion, Mr. Wallin identifies several cases that address the parameters for stating a claim in federal court. Mr. Wallin argues that his Complaint was plausible within the meaning of **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544 (2007), and that he should have been given an opportunity to amend his Complaint to include facts that would reverse the Court's finding that his claims were legally frivolous. If a claim is found to be legally frivolous there is no reason to allow a plaintiff to try and amend. The dismissal is based on a finding that the plaintiff is not able to amend and state a viable claim. Mr. Wallin was given three opportunities to amend his Complaint in compliance with the Fed. R. Civ. P. 8 and **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court gave a thorough review of the claims that Mr. Wallin asserted in the Third Amended Complaint and does not find a basis for allowing Mr. Wallin a fourth opportunity to amend. As noted above, a motion to reconsider is not a new opportunity to allege facts and advance arguments that could have been raised previously. **See Servants**, 204 F.3d at 1012.

Upon consideration of the Amended Motion to Vacate, Amend Order and Judgment of Dismissal and the entire file, the Court concludes that Mr. Wallin fails to demonstrate some reason why the Court should alter or amend the January 5 Order of Dismissal in this action. Nothing Mr. Wallin asserts gives cause for reinstating this case. Accordingly, it is

ORDERED that Mr. Wallin's Amended Motion to Vacate, Amend Order and Judgment of Dismissal (Doc. No. 29) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied. It is

FURTHER ORDERED that the Motion for Leave to File Amended Motion to Vacate, Amend Order and Judgment of Dismissal (Doc. No. 30) is denied as moot.

DATED at Denver, Colorado, this __4th__ day of ____February____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01317-LTB

Oloyea D. Wallin
Prisoner No. 111389
Cheyenne Mtn Re-entry Ctr
2925 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 31, 2011

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk